## IN RE WELFARE OF JOSEPH LEE FIELDS.
## STATE v. JOSEPH LEE FIELDS.

172 N. W. (2d) 322.

November 14, 1969—No. 41736.

*Timothy J. Halloran* and *James F. Lynch,* Legal Assistance of Ramsey County, Inc., for appellant.

*William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

Defendant-appellant, Joseph Lee Fields, a juvenile 15 years of age, was charged in the Juvenile Court of Ramsey County with having, on September 8, 1968, stolen three screwdrivers from the automobile of one John Horvath in violation of Minn. St. 609.52, subd. 2(1), which provides that a person commits theft if he "[i]ntentionally and without claim or right takes, uses, transfers, conceals or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of the property."

The charge made against defendant pursuant to the foregoing statute reads as follows:

"That Joseph Lee Fields did on September 8, 1968, at about 5 p. m., near 192 West 9th Street in St. Paul, steal three screwdrivers valued in excess of one dollar from a 1967 Oldsmobile, license 4CE237, property of John Horwath[sic] of 1552 Sargent, St. Paul, Minnesota."

Charged also with the same offense but on a separate complaint was another juvenile, Charles M. Morris.

Defendant was brought to trial on the charge against him on October 16, 1968, before William B. Henschel, an attorney and a referee of the Juvenile Court of Ramsey County. Witnesses were subpoenaed by the state, were sworn, and testified. The witnesses included the two police officers who made the arrest and

Horvath. Following their testimony the county attorney rested his case. Counsel for defendant moved to dismiss the charge, which motion the referee denied. The defense then rested without putting in any testimony and renewed the motion to dismiss, which was again denied. The referee thereupon proceeded to make and give notice of his findings pursuant to Minn. St. 260.031, subd. 3, which states in part:

"* * * Notice of the findings of the referee together with a statement relative to the right of rehearing shall be given to the minor, parents, guardian, or custodian of the minor whose case has been heard by the referee, and to any other person that the court may direct. This notice may be given at the hearing, or by certified mail or other service directed by the court."

The required notice of the referee's findings was given at the hearing to the minor defendant and to his father, Willis F. Fields, and his brother, James Fields, all of whom were present in court at the time.

On November 13, 1968, within the 30-day statutory time to appeal, notice of appeal to this court from the findings of the referee was duly served and filed, and a waiver of cost bond was duly signed on behalf of Ramsey County and filed with the clerk of the juvenile court.

The statute relating to appeals from juvenile court involved here is § 260.291, subd. 1, reading as follows:

"An appeal may be taken by the aggrieved person *from a final order* affecting a substantial right of the aggrieved person, *including but not limited to an order adjudging a child to be dependent, neglected, delinquent, or a juvenile traffic offender.* The appeal shall be taken within 30 days of the filing of the appealable order. The clerk of court shall notify the person having legal custody of the minor of the appeal. Failure to notify the person having legal custody of the minor shall not affect the jurisdiction of the appellate court. The order of the juvenile court shall stand, pending the determination of the appeal, but

the reviewing court may in its discretion and upon application stay the order." (Italics supplied.)

The findings of the referee were forwarded to the Honorable Archie Gingold, judge of the juvenile court division. The record indicates that the judge took no action whatsoever on the findings, either by way of approval or disapproval, or amendment, or otherwise. That is still the state of the record to date.

On November 8, 1968, Judge Gingold on his own motion made an order setting a rehearing on the case before him for December 13, 1968. A motion was promptly made to vacate and set aside that order as having no foundation in fact or law. Unless set aside, the order would prevent defendant from appealing, as it would leave the record in juvenile court, thereby indicating on its face that defendant was still proceeding in that court. The order was finally vacated and set aside by an order of Judge Gingold on January 28, 1969, to which order the judge attached a memorandum reading in part as follows:

"* * * This now clearly leaves the recommendations of the Referee without any confirmation by the Judge.

"The attorneys for the juvenile have continuously claimed that the recommendations of the Referee are appealable directly to the Supreme Court without first requesting a hearing before the Juvenile Court Judge. The Minnesota Statutes appear to indicate otherwise. (260.031) They now have an opportunity by virtue of this order to test their position."

Section 260.031, subd. 4, provides:

"The minor and his parents, guardians, or custodians are entitled to a hearing by the judge of the juvenile court if, within three days after receiving notice of the findings of the referee, they file a request with the court for a hearing. The court may allow such a hearing at any time."

Attached to the order of vacation dated January 28, 1969, and Judge Gingold's memorandum is a stipulation signed by counsel

for defendant and William B. Randall, county attorney, and Daniel Hollihan, assistant county attorney. All three documents clearly set forth the present status of the proceedings: The findings of the referee are without a final order by the judge of the Juvenile Court of Ramsey County, contrary to the appeal statute, § 260.291, which clearly requires such a final order.

Counsel for defendant has suggested in his oral argument that the appeal taken may be made effective by bringing it under Rule 103.03(f), Rules of Civil Appellate Procedure, which allows an appeal to this court—

"[f]rom an order which, in effect, determines the action, and prevents a judgment from which an appeal might be taken."

We are unable to construe that provision as providing an avenue of appeal from the referee's recommendations herein. There is nothing which prevents the juvenile judge from entering a final order at any time after a rehearing designated by him. Without the entry of a final order, it is our conclusion that no appeal upon the record herein can be made effective under Minn. St. 260.291.

Appeal dismissed.