In the Matter of the **WELFARE OF R.A.D.**

No. C8-84-496.

Court of Appeals of Minnesota.

Oct. 23, 1984.

Jerry Strauss, Stern, Levine, Lifson, Wagner & Strauss, St. Louis Park, for R.A.D.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, St. Paul, Thomas L. Johnson, Hennepin County Atty., Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

R.A.D. appeals from a Hennepin County Juvenile Court order denying his petition for a trial de novo. He contends (1) a juvenile is entitled to a trial de novo before a judge of the juvenile court after a referee has made a recommendation to find the citation proven; (2) the evidence was insufficient to sustain the referee's findings; and (3) due process is violated when a judge who has not presided at the trial makes the adjudication in a juvenile traffic offender proceeding. We dismiss.

### FACTS

Appellant, age 17, was charged with driving while under the influence of alcohol in violation of Minn.Stat. § 169.121(a) (Supp. 1983). He consented for the matter to be heard by a Hennepin County Juvenile Court referee, who recommended the juvenile court judge find the citation proven. Appellant's motion for a trial de novo before a juvenile court judge was denied, but appellant was granted ten days to move for review of the referee's order on the verbatim record. The judge further ordered if appellant did not move for a review, counsel for the State should contact the court to set a disposition hearing.

### ISSUE

Is an order of the juvenile court denying a motion for a trial de novo and granting time to move for review a final order which may be appealed to this court?

### ANALYSIS

1. Minn.Stat. § 260.291, subd. 1 (1982) authorizes appeals from juvenile court and in part provides:

An appeal may be taken by the aggrieved person from a final order affecting a substantial right of the aggrieved person, including but not limited to an order adjudging a child to be * * * a juvenile traffic offender.

*Id.; see* Minn.R.Juv.P. 36.02, subd. 22. The threshold issue is whether the juvenile court's order is a final order.

2. Rule 2.05 of the Rules of Procedure for Juvenile Courts provides:

The findings and recommendations of the referee become the order of the court when confirmed by the judge, subject to review pursuant to Rule 2.04.

*Id.* Minn.R.Juv.P. 2.04, subd. 4 provides that a judge may grant a review at any time before confirming the findings and recommendations of the referee.

3. The order appellant appeals does not expressly confirm the referee's findings and recommendations. The order provides for review, a step which is taken before confirming while the matter is still proceeding in juvenile court. Since the order does not confirm the findings and recommendations of the referee, it is not a final order which can be appealed. *See In re Welfare of Fields*, 285 Minn. 184, 188, 172 N.W.2d 322, 324 (1969).

### DECISION AND ORDER

The juvenile court order denying a motion for a trial de novo and granting appellant time to move for review is not a final appealable order. Therefore, this appeal is dismissed.

Dismissed.